# EXHIBIT 1

Gmail **Law Office <lawdc10@gmail.com>**

# recap of yesterday's conference, Ekopel vs. Citibank

1 message

**LawDC10.Washington** <lawdc10@gmail.com> Thu, Mar 23, 2023 at 4:40 PM
To: Steve.Nickelsburg@cliffordchance.com, Jacquelyn.Desch@cliffordchance.com, "Fiore, Kristen" <kristen.fiore@citi.com>

Steve Nickelsburg, Esq.,
Jacquelyn Desch, Esq.
cc.: Kristen Fiore, Esq.

Good morning, Steve and Jaqueline:

Re. recap of yesterday's conference, meet-and-confer for Rule 15 amending the complaint, and Rule 56 partial summary judgment motion

I have reported to my clients the contents of the conference held with you yesterday afternoon and have the authority to communicate as follows. To say that your input and participation in the conference were disappointing is an understatement.

You proposed and initiated a conference instead of filing the overdue response to the Complaint. We were confident enough, based on typical business and professional conduct, that your proposing the conference was acting in good faith, namely proposing a settlement amount.

Regrettably, my observations upon the conference with you were that: - (A) Citibank used the time to play for time, - (B) with due respect, you came into the conference which you yourself proposed while being **unprepared**, and - (C), you were, in particular, unprepared to properly address the facts concerning misrepresentations and fraudulent concealment by Citibank.

You had promised to file a Motion to Dismiss (MTD) months ago, which you have never filed. We had suggested that you file the MTD if you feel comfortable with it, which you did not do to start the clock for litigation and discovery. Otherwise, we see those delays have been a deliberate attempt to forestall litigation and continue gaining time.

I enclose the most relevant documentation sent to the General Counsel of Citibank on July 29, 2022. It contains a copy of Citibank's response to me on

July 25, 2022, denying that Citibank had the funds which Ekopel was to receive.

The undersigned's lawful inquiry addressed to the General Counsel of Citibank has never been responded to, at all.

Instead of a response from the General Counsel or other authorized officials of Citibank, I was receiving only your letters debating the Russia-directed sanctions. Debating sanctions was irrelevant after the wires were sent to a bank that had been acquired and was a Slovenian institution, and the buyers' using old SWIFT routing instructions was irrelevant. To my knowledge, nothing in any sanctions instruments allows a financial institution to make misrepresentations to the owners of funds or third parties or to have the private money embezzled.

To restate what I mentioned at the conference, the Complaint already pleaded at least 3 (three) instances of misrepresentations (and/or fraudulent concealment). That included the July 25, 2022, letter from Citibank with the outgoing number. In my clients' view, the denials and the position of Citibank are indefensible. The denials of responsibility, even after the action was filed, was irresponsible for a bank. My clients intend to win a judgment against Citibank, including prevailing in an appellate review in the DC Circuit if needed.

Specifically, my clients have now concluded that instead of a random mistake, Citibank's conduct was a deliberate attempt to keep the money. Citibank caused a Slovenian company to rely on false information Citibank sent to Ekopel's counsel. The untrue statements were made, apart from the plaintiff, also to two banks (one American and one Ukrainian bank).

Citibank's posture prompted Ekopel to sue the wrong bank, BNY-Mellon, in the same federal court. That resulted in the documented conclusion that it was, in fact, Citibank that was at fault, namely withholding money for Ekopel and sending out untrue responses to third parties.

As I mentioned, the confidential materials that BNY Mellon shared with us during the settlement process indicate that there were further instances when Citibank made misrepresentations (and/or engaged in fraudulent concealment).

Instead of promptly rectifying the situation and offering reasonable compensation for damages with an apology, Citibank has engaged in further delay, wasting Ekopel's time and thus compounding Ekopel's damages. My clients have instructed me to treat those delays, continued withholding of information, and denials of clear liability, as the manifestation of bad faith. My clients have instructed the undersigned to seek compensation for all legal fees they had to undertake in the U.S., Slovenia, and Ukraine.

More importantly, the withholding by Citibank of the money has created a cause of action for embezzlement because Citibank had attempted to keep the

private money without the right to do so, covering up its taking of the money by using misrepresentations (and/or fraudulent concealment).

Even a short period of unlawful withholding and concealment of the money, without an intent to return the money (or placing money in Escrow), is already enough to state a claim for embezzlement. Citibank continued to hold and use the money, as its own capital, for several months. In addition to the common law claim for embezzlement, you left us no choice but to start research on civil liability under the banking law statutes and State embezzlement statutes, only to the extent that those could be possibly stated in a civil action. Nothing herewith is meant or should be interpreted as impinging on the regulatory supervision of the banks or the criminal law area. Expressly, my clients do not intend to file any complaints other than this lawful civil action in the Court for civil damages.

At the same time, my clients feel that there was another grave consequence of Citibank's fraudulent concealment and withholding of money. Various medical supplies for which the money was wired and taken by Citibank for months were to be delivered to Ukraine. That country has been defending, since February 24, 2022, its independence. My clients believe that if not for Citibank's concealment and misconduct, the medical supplies (for example, bandages, etc.) to Ukraine for $590,000 could have saved the lives of certain civilians and soldiers in that defending nation, where medical supplies have been scarce. Based on the purchases' contracts and other evidence they have, my clients intend to testify on those circumstances before the jury at the trial.

The purpose of this letter is to demand that you file your MTD without further delay. As a meet-and-confer, your MTD will be countered, in addition to the Opposition, with a proposed Amended Complaint (AM). The AM will state new facts discovered with the assistance of several banks. It will also state additional Counts of causes of action.

Along with the AC, my clients will also file an SJM on the newly developed Counts of (A) Misrepresentation, (B) Fraudulent Concealment, and (C) Embezzlement, to the full extent allowed by the common law, as well as the Federal and State statutes that can be used in a civil action for claiming private damages.

This represents a meet-and-confer advising on behalf of the plaintiffs' of their intent to file two motions in abeyance of your MTD, namely the Rule 15 Motion to amend the pleading and, simultaneously, the SJM seeking partial summary relief, the remainder of the claims to be left for the jury trial.

In the meantime, the litigation is not the purpose per se of my clients, recovery of damages is their objective (including for sending humanitarian aid to Ukraine), and they remain open to concrete settlement proposals.

Sincerely, George

Very truly, George Lambert

George Lambert, Esq.
THE LAMBERT LAW FIRM
1025 Connecticut Ave., 1000 NW, Washington, D.C., 20036;
100 Cambridge Str., 14th Floor, Boston, MA 02152,
421 Poinciana Dr., #1422, Sunny Isles Beach, FL 33160
tel. (202) 640 1897; (617) 925 7500; (617) 539 0300, (305) 938 0600, fax (800) 852 1950
Websites: www.law-lambert.com; www.law-boston-lambert.com;
www.law-miami-lambert.com; Skype george.lambert.10

Disclaimer. The information in this e-mail may be confidential. It is intended only for the use of the individuals or entities named above as addressees. You are hereby notified that if you are not the intended recipient, or employee or agent responsible for delivering it to the intended recipient, any use, dissemination, distribution or copying of the information in this e-mail is strictly prohibited. If you received this e-mail in error, please notify us by telephone or e-mail. Thank you

---

**Letter.PR.to.Citibank.Missing.funds.July.28.22.pdf**
949K